IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.02-CR-30098-MJR |
| | ) | |
| ANTHONY FINCHEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

In April 2005, this Court conducted a revocation hearing as to Defendant Finchen. At the conclusion of the hearing, the Court revoked Finchen's supervised release and sentenced him to 10 months in prison, based on the proven violations of the terms of his supervised release. Judgment was entered accordingly on April 7, 2005.

Over four months later, on August 24, 2005, the undersigned District Judge received correspondence from both Finchen and his fiancé, Jamie M. Powell. Ms. Powell explains that, although she understands that Finchen "should serve time" for violating his release conditions, she desperately needs his financial help and is in dire economic circumstances (e.g., the family is about to lose their home). In his letter, Finchen takes responsibility for his violations, but asks the Court to order his placement in a half-way house starting August 31st, for the remainder of his 10-month prison sentence, so he can earn money to support his family.

The Court is sympathetic to Ms. Powell's situation and understands Defendant Finchen's desire for placement in a half-way house so he can financially assist his family. However, this Court cannot grant the relief Finchen and his fiancé request.

First, the Court cannot properly rule on letters from litigants which were neither filed

by the litigant's counsel nor furnished to opposing counsel.

Even if the Court construed the letter as a proper *pro se* motion by Finchen, the Court does not have the authority to direct the Bureau of Prisons to place an inmate anywhere. Under certain circumstances, and simultaneous with sentencing a Defendant, the Court can *recommend* that the Defendant be placed in a certain institution. But the Court cannot *order* the Bureau of Prisons to place a Defendant in any particular institution (be it a penal institution or the less restrictive half-way house). That is a decision left entirely to the assessment and discretion of the Bureau of Prisons. And four months after sentencing is too late to submit a recommendation for placement of an inmate.

For these reasons, the Court must **DENY** the request contained in the August 24, 2005 correspondence. For completeness of the record, the Court **DIRECTS** the Clerk's Office to docket Finchen's letter, attaching to it (as an exhibit) a copy of Ms. Powell's letter. The Clerk's Office should return the *originals* of Ms. Powell's letter and accompanying documents (Ameren/IP utility bill, etc.) to her immediately by certified mail, along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED this 29th day of August, 2005.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Court**